IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIMBERLY AL-ATOUM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-2734-S-BN |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER NOTICING DEFICIENCY**

Plaintiff Kimberly Al-Atoum filed this negligence/premises liability action in a Dallas County, Texas state court against Defendant Wal-Mart Stores Texas, LLC ("Wal-Mart"), and Wal-Mart removed based on diversity subject-matter jurisdiction under 28 U.S.C. § 1332. *See* Dkt. No. 1.

After granting Al-Atoum's counsel leave to withdraw, *see* Dkt. Nos. 15 & 17, United States District Judge Karen Gren Scholer referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b), *see* Dkt. No. 18.

The Court enters this memorandum opinion and order because it is not apparent to the undersigned that subject-matter jurisdiction under Section 1332 has been alleged and to allow Wal-Mart an opportunity to amend the notice of removal by **April 30, 2025** to avoid the undersigned recommending that the Court remand this lawsuit to state court.

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. §

1441(a).

But the federal courts' jurisdiction is limited, so they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331 & 1332.

Because Wal-Mart chose to remove this lawsuit to federal court, it undertook the burden to establish federal jurisdiction. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." (cleaned up)).

And "[a]ssertions that are conclusory are insufficient to support an attempt to establish subject-matter jurisdiction." *Butler v. Dall. Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) (cleaned up).

Under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

Wal-Mart, a limited liability company, satisfactorily alleges its citizenship, *see* Dkt. No. 1, ¶¶ 8-14; *SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407-08 (5th Cir. 2023), and the requisite amount in controversy, *see* Dkt. No. 1, ¶¶ 6 & 16; Dkt. No. 1-3 at 9-10 (petition requesting, among other relief, "[m]onetary relief over $250,000 but not more than $1,000,000"); *Greenberg*, 134 F.3d at 1253 ("[U]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." (cleaned up)).

As to Al-Atoum's citizenship, Wal-Mart alleges in the notice of removal that Al-Atoum "is domiciled in the State of Texas at 445 East FM 1382, Apartment 3555, Cedar Hill, Dallas County, Texas 75104 and therefore is a citizen of Texas," Dkt. No. 1, ¶ 7, while Al-Atoum alleges in the petition that she "in an individual who resides at 445 East FM 1382, Apartment 3555, Cedar Hill, Dallas County, TX 75104," Dkt. No. 1-3 at 7.

These allegations are not sufficient to allege citizenship under Section 1332.

"For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home." *SXSW*, 83 F.4th at 407. And,

> [i]n *Coury v. Prot*, the [United States Court of Appeals for the] Fifth Circuit explained that, in determining a person's domicile, courts "must address a variety of factors" with "[n]o single factor [being] determinative." 85 F.3d 244, 251 (5th Cir. 1996). These "factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id.* (citations omitted).

*Union Pac. R.R. Co. v. Nuefuel TX LLC*, No. 3:23-cv-1206-L, 2024 WL 2970013, at *1 (N.D. Tex. June 11, 2024).

So "[a]n allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" *Id.* (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam)); *accord J.A. Maters Invs. v. Beltramini*, 117 F.4th 321, 322 (5th Cir. 2024) (per curiam).

And, where Al-Atoum merely alleges where she resides and Wal-Mart, relying

on that factual allegation, concludes that she is domiciled at that residence, Wal-Mart's conclusory assertion does not facilitate factfinding under the *Coury* factors.

So the undersigned finds that Wal-Mart has – so far – not carried its burden to show that there is federal subject-matter jurisdiction, subjecting this lawsuit to *sua sponte* remand. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (noting that "[t]he [removal] statute declares that, where subject matter jurisdiction is lacking, the removed case *shall* be remanded" (emphasis in original)).

Still, even though this lawsuit was removed on October 30, 2024, remand is not required if Wal-Mart is able to amend its notice of removal "to set forth more specifically the jurisdictional grounds for removal." *A & C Disc. Pharmacy L.L.C. v. Prime Therapeutics LLC*, No. 3:16-cv-429-D, 2016 WL 3194332, at *4 (N.D. Tex. June 9, 2016) ("A defendant may freely amend a notice of removal within the 30-day period set out in 28 U.S.C. § 1446(b). Thereafter, a defendant may amend only to set forth more specifically the jurisdictional grounds for removal that were imperfectly stated in the original notice." (citations omitted)).

But, if Wal-Mart fails to do so by **April 30, 2025**, the undersigned will recommend that the Court *sua sponte* remand this lawsuit to the Dallas County state court from which it was removed.

SO ORDERED.

DATE: April 15, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE